IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RANDY LEE RICHARDS,

    Plaintiff,

v.                                            Civil Action No. 5:16CV21
                                                         (STAMP)
CAROLYN W. COLVIN,
Acting Commissioner of
Social Security

    Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING THE REPORT AND
RECOMMENDATION OF THE MAGISTRATE JUDGE**

I. Background[1]

In this case, the plaintiff, by counsel, seeks judicial review of the defendant's decision to deny his claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The plaintiff applied for DIB on February 25, 2013, alleging disability beginning November 21, 2008. His claim was initially denied on May 24, 2013, and again upon reconsideration on July 2, 2013. The plaintiff then filed a written request for a hearing. On June 25, 2014, the plaintiff filed for SSI benefits, and that claim was escalated to the hearing level. The Administrative Law Judge ("the ALJ") held a video hearing on July 18, 2014. The ALJ issued an unfavorable decision to the plaintiff,

---

[1]This memorandum opinion and order contains only the most relevant procedural and factual information. For more extensive background information, see ECF No. 16.

and the plaintiff appealed. The appeals council denied the plaintiff's request for review, and the plaintiff timely brought his claim before this Court. The plaintiff alleges he is unable to work due to (1) depression, (2) high blood pressure, (3) arthritis, (4) left ankle impairments, (5) high cholesterol, (6) acid reflux, and (7) a thyroid impairment.

To determine whether the plaintiff was disabled, the ALJ used a five-step evaluation process pursuant to 20 C.F.R. §§ 404.1520 and 416.920. Using that process, the ALJ made the following findings: (1) the plaintiff had not engaged in substantial gainful activity since November 21, 2008, the date of the alleged onset of the plaintiff's disability; (2) the plaintiff had the following severe impairments: osteoarthritis of the left ankle, gastroesophageal reflux disease, hypothyroidism, obesity, major depressive disorder, and personality disorder; (3) none of the plaintiff's impairments met or medically equaled the severity of any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) the plaintiff is unable to perform any past relevant work; and (5) "[c]onsidering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform." ECF No. 7-2 at 39. Therefore, the ALJ found that the plaintiff did not have a disability as defined under the Social Security Act.

The plaintiff and the defendant both filed motions for summary judgment. The plaintiff argues that the ALJ (1) improperly assessed the plaintiff's credibility regarding the intensity, persistence, and limiting effects of his symptoms and (2) failed to adequately explain his residual functional capacity ("RFC") determination. The defendant argues that the ALJ properly assessed the plaintiff's credibility and that the credibility determination is supported by substantial evidence. The defendant also argues that substantial evidence supports the ALJ's RFC determination.

The magistrate judge entered his report and recommendation on November 21, 2016. The magistrate judge recommends that this Court deny the plaintiff's motion for summary judgment, grant the defendant's motion for summary judgment, and dismiss with prejudice this civil action.

As to the plaintiff's first argument, the magistrate judge found that the plaintiff failed to meet his burden of showing that the ALJ's credibility determination was patently wrong. See Sencindiver v. Astrue, No. 3:08CV178, 2010 WL 446174, at *33 (N.D. W. Va. Feb. 3, 2010) (stating that, if the ALJ meet his basic duty of explanation, "an ALJ's credibility determination [will be reversed] only if the claimant can show it was 'patently wrong'" (quoting Powers v. Apfel, 207 F.3d 431, 435 (7th Cir. 2000))). The magistrate judge found that the ALJ's discussion of the evidence in reaching his credibility determination was sufficiently specific to

3

make clear his reasoning in finding that the plaintiff is not entirely credible.

As to the plaintiff's second argument, the magistrate judge also found that the ALJ's RFC determination was supported by substantial evidence. The magistrate judge found that the ALJ properly identified the plaintiff's symptoms and limitations and then conducted the required function-by-function analysis, which was accompanied by a five-page narrative discussion of the evidence. The magistrate judge found that he was able to discern from the ALJ's discussion how the ALJ arrived at his conclusions and was not left guessing at the ALJ's reasoning.

For those reasons, the magistrate judge found that substantial evidence supports the defendant's denial of the plaintiff's application for DIB and SSI. Thus, the magistrate judge determined that the defendant's motion for summary judgment should be granted, the plaintiff's motion for summary judgment should be denied, and that the civil action should be dismissed with prejudice. The parties did not file objections. For the reasons set forth below, the report and recommendation of the magistrate judge is affirmed and adopted.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those

portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are clearly erroneous.

## III. Discussion

As the United States Court of Appeals for the Fourth Circuit has held, "Under the Social Security Act, [a reviewing court] must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. A reviewing court "does not reweigh evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence; '[w]here conflicting evidence allows reasonable minds to differ,' we defer to the Commissioner's decision." Thompson v. Astrue, 442 F. App'x 804, 805 (4th Cir. 2011) (quoting Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005)). Further, as the Supreme Court of the United States stated in United States v. United States Gypsum Co., "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." 333 U.S. 364, 395.

After reviewing the record before this Court, no clearly erroneous findings exist concerning the magistrate judge's report and recommendation. As to the plaintiff's first argument in his motion for summary judgment, the magistrate judge correctly concluded that the plaintiff did not satisfy his burden of showing that the ALJ's credibility determination was patently wrong as required by Sencindiver. The magistrate judge notes that, when the ALJ meets his basic duty of explanation, "[a]n ALJ's credibility determinations are 'virtually unreviewable' by this Court." Ryan v. Astrue, No. 5:09CV55, 2011 WL 541125, at *3 (N.D. W. Va. Feb. 8, 2011). The magistrate judge also correctly notes that an ALJ need not document specific findings as to each credibility factor set out in Social Security Ruling 96-7p. See Wolfe v. Colvin, No. 3:14CV4, 2015 WL 401013, at *4 (N.D. W. Va. Jan. 28, 2015). In this case, and as the magistrate judge thoroughly documents in his report and recommendation, the ALJ's discussion of each credibility factor is sufficiently specific to make clear the ALJ's reasoning in finding the plaintiff not entirely credible. Because the plaintiff did not satisfy his burden of showing that the ALJ's credibility determination was patently wrong, the magistrate judge properly accorded the ALJ's credibility determination the great weight to which it is entitled. Thus, there was no error in the magistrate judge's finding that the ALJ properly assessed the plaintiff's credibility.

As to the plaintiff's second argument in his motion for summary judgment, this Court also finds no error in the magistrate judge's finding that the ALJ adequately explained his RFC determination. When performing as RFC assessment, an ALJ "must first identify the [claimant's] functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis," including the claimant's physical abilities, mental abilities, and "other work-related abilities." Williams v. Comm'r of Soc. Sec., No. 3:14CV24, 2015 WL 2354563, at *4 (N.D. W. Va. May 15, 2015). After the function-by-function analysis, the ALJ may "express the RFC 'in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy.'" Id. (quoting SSR 96-8p, 1996 WL 374184, at *1). Next, the RFC "assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." Id. (quoting SSR 96-8p, 1996 WL 374184, at *7).

In this case, the magistrate judge correctly determined that the ALJ sufficiently discussed his reasoning for the RFC determination. After identifying the plaintiff's symptoms and limitations, the ALJ analyzed the plaintiff's work-related abilities on a function-by-function basis. The ALJ then included a narrative discussion of the evidence over the course of five

7

pages.  From the ALJ's function-by-function analysis and narrative discussion, this Court is able to discern how the ALJ arrived at his conclusions regarding the plaintiff's limitations and abilities.

The plaintiff points to the ALJ's statement that the plaintiff "can stand, walk, or [be] on his feet for 30 minutes at a time," and argues that the ALJ failed to determine how long he would need to sit before standing again or how many hours he could be on his feet in a workday.  The magistrate judge correctly concluded that, when read as a whole, the ALJ's decision provides sufficient reasoning of his RFC determination.  See Pearson v. Colvin, No. 2:14CV26, 2015 WL 3757122, at *34 (N.D. W. Va. June 16, 2015) (stating that, when reviewing an ALJ's decision, a court must read the "decision as a whole").  The ALJ made clear in his opinion that, while the plaintiff can only be on his feet for 30 minutes at a time, the plaintiff does not require such extensive breaks as to prevent him from standing or walking for a good deal of the workday.  Thus, the plaintiff's argument fails.

The plaintiff also points to the ALJ's statement that the plaintiff possesses "moderate limitations in his ability to work around the public and co-workers" and argues that the ALJ did not phrase the statement properly for an RFC determination. Specifically, the plaintiff argues that an RFC determination must specify what a claimant can do in a work setting despite his or her

limitations. The magistrate judge correctly concluded that any error on the part of the ALJ in not properly phrasing the plaintiff's mental RFC is harmless in nature. See Mickles v. Shalala, 29 F.3d 918, 921 (4th Cir. 1994) (holding that remand is unnecessary, despite an ALJ's error, when the ALJ would have reached the same result notwithstanding his error). The ALJ thoroughly discussed the plaintiff's mental symptoms and limitations in his decision and made clear his determination that the plaintiff is capable of performing all of the mental functions required of unskilled work, with the exception that he may work around the public and co-workers only in a limited capacity. Thus, this argument by the plaintiff also fails. Accordingly, this Court finds no error in the determination of the magistrate judge and thus upholds his ruling.

## IV. Conclusion

For the reasons above, the magistrate judge's report and recommendation is hereby AFFIRMED and ADOPTED. Thus, the plaintiff's motion for summary judgment is DENIED and the defendant's motion for summary judgment is GRANTED. It is further ORDERED that this case be DISMISSED WITH PREJUDICE. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Finally, this Court finds that the parties were properly advised by the magistrate judge that failure to timely object to

the report and recommendation in this action would result in a waiver of appellate rights.  Because the defendant has failed to object, he has waived his right to seek appellate review of this matter.  See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    February 23, 2017

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE